IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DeNORRIS WILLIAMS, an individual, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CLASS ACTION |
| ) | |
| ALABAMA DEPARTMENT OF ) | CIVIL ACTION NO. 2:07-CV-824-WKW |
| CORRECTIONS; RICHARD F. ALLEN, ) | |
| individually and in his official ) | |
| capacity, ) | |
| ) | |
| DEFENDANTS. ) | |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, on behalf of himself and other similarly situated persons, and hereby states his claim for relief as follows:

### PARTIES

1. At all times material to this action, the Plaintiff, DeNorris Williams, is an adult over the age of nineteen and a resident of Barbour County, Alabama and thus a resident citizen of this district at all times material to this action. The Plaintiff was an inmate in a facility owned and/or operated by the Defendant Alabama Department of Corrections with an approximate release date of May or June of 2007. While an inmate, the Plaintiff was eligible for the Camden Work Release Program being operated by the Defendant Alabama Department of Corrections. The Defendant, Richard F. Allen, is Commissioner of the Alabama Department of Corrections. The Defendant Richard F. Allen is over the age of nineteen and a resident of the State of Alabama and participated in the operation of the Department of Corrections for the State of Alabama. The

Defendant Alabama Department of Corrections is the Department for the State of Alabama which oversees and handles the state corrections system.

## II.

## JURISDICTION AND VENUE

2.  This action arises under the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1343(4), §§ 2201 and 2202 as well as the supplemental jurisdiction of this Court. This action arises under and pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 2000(e), et. seq.; the Fifth Amendment of the United States Constitution, § 14-8-35 of the Code of Alabama and Article I § 23 of the Alabama Constitution.

3.  A substantial part of the events giving rise to the claims asserted herein arose in the Middle District of Alabama. Therefore, venue is proper before this Court pursuant to 28 U.S.C. § 1391(b). Venue is also proper before this Court pursuant to 28 U.S.C. § 1391.

## III.

## CLASS ALLEGATIONS

4.  This action is brought pursuant to Federal Rule of Civil Procedure 23 on behalf of a class which consists of all persons who, during the period from January of 2001 to present, inclusive, were former Alabama inmates in a work release program who were paid a salary as a result of a job with a private entity obtained through the Alabama Department of Corrections Work Release Program. As part of the Program, the income from said jobs is deposited into a fund controlled and/or operated by the Defendant Alabama Department of Corrections for each inmate. Said funds are known as "Prisoner

Money on Deposit" (hereinafter referred to as PMOD). As a result of the conduct by the Defendants, these former inmates had more than 40% of their paychecks taken and/or withheld by the Defendants by charging these former inmates for "transportation costs" to and from the job site in violation of the law as well as other miscellaneous charges.

5. Upon information and belief, the class consists of hundreds of persons. The class is so numerous that joinder of all class members is impractical. The exact number of class members and their addresses are unknown to the Plaintiff but such information can be readily determined through discovery from the Defendants.

6. The Plaintiff is a class member. He has sustained damages and is committed to pursuing this action. The Plaintiff is an adequate representative of the class.

7. The Plaintiff has the same interest as the absent class members. Their claims are typical of the claims of the absent class members. The Plaintiff does not have interest that are antagonistic to or in conflict with the interest of the absent class members.

8. There are questions of law and fact common to the parties which predominate over questions solely affecting individual members of the class. Those common questions of law and fact include, but are not limited to:

    (A) Whether the Defendants violated the Takings Clause of the Fifth Amendment of the United States Constitution by withholding and/or taking funds in excess of 40% of their income for incidentals associated with their incarceration, as an additional

    amount to pay for "transportation costs" to and from the job site as well as for other miscellaneous charges.

(B) Whether the Defendants violated the Alabama Constitution and statutory authority by depositing money due to the Plaintiff and other prisoners into a PMOD account in an Alabama bank and withholding additional funds for "transportation costs".

(C) Whether the Defendants caused, allowed or permitted the taking of personal property from the Plaintiff without just compensation.

(D) Whether the Defendants collected funds for transportation costs to be used for other purposes which did not benefit the Plaintiff and other class members.

(E) Whether the Defendants violated the constitutional rights of the Plaintiff in the taking of personal property without just compensation.

(F) Whether the Plaintiff and other class members are entitled to reimbursement of the money withheld from their paycheck, in excess of the 40% permitted by law, for transportation costs from the accounts which have been maintained on their behalf with banks by the Work Release Program operated by the Alabama Department of Corrections and the Defendants and/or whether the Plaintiff and other class members are entitled to reimbursement of any money withheld and/or taken for "transportation costs" to and from the job as well as other miscellaneous costs.

  (G) Whether the Defendants are liable to the class members for damages.

9. These common questions of law and fact predominate over any issue affecting individual members.

10. The Plaintiff will fairly and adequately protect the interest of the class.

11. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. The class is so numerous that joinder of all class members is impractical. Furthermore, the expense and burden of any non-class litigation may well make it practically impossible for the Plaintiff or other persons to pursue this action individually.

12. There will be no difficulty in the management of this case as a class action.

## IV.

## FACTS

13. At all times during the class period, the Defendant, Richard F. Allen, supervised the State of Alabama's Department of Corrections Work Release Program including the management and direction of the PMOD accounts made available to the Plaintiff and other class members as a result of the inmates' jobs with private entities through the Department of Corrections Work Release Program.

14. Throughout the class period, the Defendants supervised and managed the PMOD accounts which were maintained in an FDIC insured Alabama bank.

15. Throughout the class period, the Defendants owed a duty to the Plaintiff

and other class members to use reasonable care to avoid the taking of personal property without just compensation and therefore breached their duty and violated the Plaintiff's, and other class members, constitutional rights by taking and/or withholding money to pay for "transportation costs" and/or taking/withholding these "transportation costs" in violation of the statutorily permitted maximum of 40%.

16. Throughout the class period, the Defendants made available a work release program within the State of Alabama Department of Corrections which allowed a corrections inmate on the work release program to secure a job with a private entity with the inmates' wages from the private entity being paid directly to the work release program. From the money the private entity paid to the work release program on behalf of the Plaintiff and other class members, the Defendants withheld and/or took the 40% maximum of the inmates' wages but took an additional amount in the form of "transportation costs" contrary to the applicable law.

## V.

### CAUSE OF ACTION UNDER THE U.S. CONSTITUTION, ALABAMA CONSTITUTION AND FEDERAL STATUTORY LAW

17. Based upon the foregoing facts, the Defendant violated the Fifth Amendment of the United States Constitution, the Alabama Constitution and federal statutory law with respect to the Plaintiff and other class members by (a) allowing the diminution of the value of personal property in which the Plaintiff had an interest, namely, by withholding and/or converting personal property and/or funds in excess of the 40% maximum allowed by statutory law by charging the inmates for transportation to and from the job site (b) by charging the inmates' for transportation to and from work.

## VI.

### CAUSE OF ACTION UNDER SECTION 14-8-35 OF THE CODE OF ALABAMA

18. Based upon the foregoing facts, the Defendants violated Section 14-8-35 of the Code of Alabama with respect to the Plaintiff and all other class members by:

    (A) Exploiting the Plaintiff and other class members by withholding additional sums for transportation costs from their paychecks.

    (B) Exploiting the Plaintiff and all other class members by withholding more than 40% of the individual's paychecks.

## VII.

### CAUSE OF ACTION UNDER ARTICLE I, SECTION 23 OF THE ALABAMA CONSTITUTION OF 1901

19. Based upon the foregoing facts, the Defendant violated Article I, Section 23 of the Alabama Constitution of 1901 with respect to the Plaintiff and other class members by (a) by allowing the diminution of the value of personal property in which the Plaintiff had an interest, namely, the PMOD account being held in the work release program account by the withholding and/or taking of sums for transportation costs; (b) by withholding and/or taking funds from the PMOD in excess of the 40% allowed by law.

## VIII.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff and the Class demand judgment and relief as follows:

(A) Declaration of this action as a proper class action brought pursuant to and maintained under the Federal Rules of Civil Procedure 23;

(B) Granting Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys and those acting in concert with Defendants or at Defendants' request from violating the Fifth Amendment of the United States Constitution, Article I § 23 of the Alabama Constitution and § 14-8-35 of the Code of Alabama of 1975;

(C) Reimbursement of all "transportation costs and other miscellaneous costs" taken and/or withheld from the Plaintiff's earnings, as well as class members, and/or reimbursement of any funds withheld and/or taken in excess of the 40% allowable under the law. From documentation possessed by the Defendants, these amounts are easily ascertainable and are incidental to the requested injunctive and/or declaratory relief;

(D) Judgment against the Defendants for an amount equivalent to the prevailing rates of interest during the period of the class action on all funds wrongfully taken and/or withheld; and

(E) Punitive damages as a result of the Defendants engaging in the course of conducted as stated herein knowingly in violation of the U.S. and Alabama Constitutions and federal law.

(F) For such relief and awards to which the Plaintiff and the Class may be entitled, or as determined just and appropriate by this Court.

(G) For all reasonable attorney's fees and costs associated with pursuing this cause of action.

_____
W. Lee Pittman ASB-5957-N52W

_____
C. Carter Clay ASB-2907-Y85C

Attorney for Plaintiffs

OF COUNSEL:

PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place Tower, Suite 1100
Birmingham, AL 35203
(205) 322-8880
(205) 328-2711 (fax)


PLEASE SERVE DEFENDANT, ALABAMA DEPARTMENT OF CORRECTIONS, BY CERTIFIED MAIL:

Richard F. Allen, Commissioner
Alabama Department of Corrections
301 S. Ripley Street
Montgomery, AL 36130

PLEASE SERVE DEFENDANT, RICHARD F. ALLEN, COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS, BY CERTIFIED MAIL:

Richard F. Allen, Commissioner
Alabama Department of Corrections
301 S. Ripley Street
Montgomery, AL 36130

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000427
Cashier ID: cstrecke
Transaction Date: 09/13/2007
Payer Name: PITTMAN DUTTON KIRBY AND HELLU
------------------------------------
CIVIL FILING FEE
 For: PITTMAN DUTTON KIRBY AND HELLU
 Case/Party: D-ALM-2-07-CV-000824-001
 Amount:         $350.00
------------------------------------
CHECK
 Remitter: PITTMAN DUTTON KIRBY AND HELLU
 Check/Money Order Num: 133338
 Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00
```

DALM207CV000824-WKW

WILLIAMS V AL DOC ET AL

PITTMAN DUTTON