IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DeNORRIS WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) CASE ACTION NUMBER: 2:07-CV-824-WKW |
| ALABAMA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) |
| Defendants. | ) |

## MOTION TO DISMISS

Come now the above Defendants, by and through the undersigned counsel, and pray this Honorable Court to dismiss this action and as support shows as follows:

1. That this action is a civil complaint seeking class action on behalf of all inmates who worked in work release, past, present, and future, alleging that monies were taken from their PMOD (Prisoner Monies On Deposit) accounts in violation of the law.

2. That there has been another lawsuit originally filed on June 4, 2007, in the Circuit Court of Jefferson County and later transferred to Montgomery County (CV-07-1194, attached as Exhibit "A") styled Johnny Walker, et al., v. Alabama Department of Corrections and alleging that monies were taken from their PMOD (Prisoner Monies on Deposit) accounts in violation of the law. Class certification is pending in that case before Circuit Judge Charles Price.

3. The Defendants submit that the Plaintiffs have already picked their forum (state court) and that this action is due to be dismissed.

Respectfully submitted,

Kim T. Thomas
General Counsel
Deputy Attorney General

/s/Albert S. Butler
Albert S. Butler
Assistant General Counsel
Assistant Attorney General

**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Legal Division
301 South Ripley Street
Post Office Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following attorneys:

W. Lee Pittman, Esq.
C. Carter Clay, Esq.
Attorneys for the Plaintiffs
Pittman, Dutton, Kirby & Hellums, P.C.
2001 Park Place Tower, Suite 1100
Birmingham, Alabama 35203

/s/Albert S. Butler
Albert S. Butler
Assistant General Counsel
Assistant Attorney General

## IN THE CIRCUIT COURT FOR THE TENTH JUDICIAL CIRCUIT OF ALABAMA

FILED IN OFFICE
JUN 0 4 2007
ANNE-MARIE ADAMS
Clerk

JOHNNY WALKER, DWIGHT F. )
KENDRICKS, GATES PRITCHETT )
AND ALL OTHER SIMILARLY )
SITUATED, CURRENT AND )
FORMER INMATES OF THE )
ALABAMA DEPARTMENT OF )
CORRECTIONS, )
)
    Plaintiffs, )  CASE NO.:  CV2007 01975
)
vs. )
)
THE ALABAMA DEPARTMENT )
OF CORRECTIONS AND )
RICHARD ALLEN, INDIVIDUALLY )
AND IN HIS OFFICIAL CAPACITY )
AS COMMISSIONER OF THE )
ALABAMA DEPARTMENT OF )
CORRECTIONS, )
)
    Defendants. )

### COMPLAINT

COME NOW the plaintiffs say as follows:

**PARTIES:**

1. Plaintiff, Johnny Walker, AIS No. 109894, is a resident of Jefferson County, who was incarcerated by the Department of Corrections at its prisons facilities designated as Fountain Correctional Facility and Staten Correctional Facility.

2. Plaintiff, Dwight F. Kendricks, AIS No. 115063, is a resident of Jefferson County, Alabama and is currently an inmate at the Elba Community Based Facility, a work-release facility.

3. Plaintiff Gates Pritchett, AIS No. 132354, is a former inmate of Easterling

EXHIBIT __A__

Correctional Facility.

4. Plaintiffs aver that the class that they represent is so numerous that joinder of all members is impractible. The class consists of 23,642 inmates incarcerated by the Department of Corrections who would be in need of medical treatment and more than 1,991 inmates in its work release programs.

5. There are questions of law or fact common to members of the class.

6. The claims of the representative parties are typical of the claims of the class.

7. The named plaintiffs will fairly and adequately protect the interest of the class.

8. The defendants have acted or refused to act on grounds generally applicable to the class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Rule 23(b)(2).

9. The questions of law or fact common to members of the class predominate over any questions effecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, herein.

10. Defendant, The Alabama Department of Corrections (hereinafter "ADOC") maintain the correctional facilities at which plaintiffs, and those similarly situated are or were incarcerated.

11. Defendant, Richard Allen, is the Commissioner of ADOC, and at all times mentioned herein, was acting under color of law and within the scope of his duty as Commissioner of ADOC.

## CAUSE OF ACTION

12. Defendants have the duty to provide medical treatment to plaintiffs, without charge.

13. Defendants charged plaintiffs and members of the class $3.00 co-pay per visit for medical treatment initiated by the inmate.

14. Defendants also charged plaintiffs and members of the class $2.50 for one-way and $5.00 for round-trip to work release work sites.

15. Defendants charged plaintiffs and inmates in the work-release facilities and supervised intensive restitution programs a $31.50 fee for positive drug tests.

16. Defendants have no specific legal authority to charge the aforementioned fees.

17. Defendants have been informed that it has no legal authority to collect such fees, yet it has refused to stop collecting the aforementioned fees.

18. The charging of the aforementioned fees constitutes a taking of property without due process of law and violates the inmates rights guaranteed them under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution, and Article 1, Section 15 of the Constitution of Alabama of 1901.

19. Defendants, ADOC and Allen, with a reckless indifference to the rights of the plaintiffs, have wilfully refused to cease and desist from collecting the aforementioned fees and violating the rights of plaintiffs.

**WHEREFORE**, Plaintiffs pray that this court will:

1. Certify plaintiffs' class of current and former inmates who have been unlawfully charged the aforementioned fees by defendants;

2. Enjoin defendants from continuing to collect the aforementioned fees;

3. Award plaintiffs and the class they represent damages equal to the amount of fees unlawfully charged by defendants, with interest;

4. Award plaintiffs punitive damages;

5. Award plaintiffs attorneys' fees, expenses and costs.

Respectfully submitted,

*Henry L. Penick by Anita Sg* (signature)

Henry L. Penick
Attorney for Plaintiffs
H. L. Penick & Associates, P.C.
319 17th Street North, Suite 200
P.O. Box 967
Birmingham, AL  35201-0967
Phone: (205) 252-2538

**Plaintiffs' Address:**

Johnny Walker
Dwight F. Kendricks
Gates Pritchett
c/o Henry L. Penick
P.O. Box 967
Birmingham, AL 35201-0967

**Defendants' Address:**

Alabama Department of Corrections
301 South Ripley Street
Montgomery, AL  36104

Richard Allen
301 South Ripley Street
Montgomery, AL  36104