IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DeNORRIS WILLIAMS etc., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ALABAMA DEPARTMENT OF ) <br> CORRECTIONS, et al., ) <br> ) <br> Defendants ) | CIVIL ACTION NUMBER <br> 2:07-cv-00824-WKW-WC |

# PLAINTIFF'S MEMORANDUM BRIEF IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS

DeNorris Williams offers this memorandum brief in opposition to the defendants' joint motion to dismiss. For the reasons discussed herein, plaintiff asks this Court to deny this motion to dismiss.

## Defendants' Submission

The first numbered paragraph of the defendants' motion to dismiss reads: "That this action is a civil complaint seeking class action on behalf of all inmates who worked in work release, past, present, and future, alleging that monies were taken from their PMOD (Prisoner Monies On Deposit) accounts in violation of the law." *Motion to Dismiss* ¶ 1. The defendants are wrong that DeNorris Williams

seeks to prosecute a "class action on behalf of all inmates who worked in work release, past, present, and future." In his complaint, DeNorris Williams states that he is a former inmate, having been released in May or June of 2007. *Complaint* ¶ 1. DeNorris Williams expressly declared that he brought this action "on behalf of a class which consists of all persons who ... were former Alabama inmates in a work release program ...." *Complaint* ¶ 4. DeNorris Williams does not seek to represent incarcerated inmates.

In their motion to dismiss, the defendants referenced a lawsuit filed on June 4, 2007, and styled *Johnny Walker, et al. v. Alabama Department of Corrections, et al. Motion to Dismiss* ¶ 2. Defendants attached a copy of the original complaint in that referenced lawsuit as an exhibit to their motion to dismiss. The defendants noted (1) that the *Walker* lawsuit was commenced in the Circuit Court of Jefferson County, Alabama on June 4, 2007, and was transferred to the Circuit Court of Montgomery County, Alabama and (2) that "[c]lass certification is pending in that case." *Motion to Dismiss* ¶ 2. Defendants provided this Court with no other information regarding the *Walker* lawsuit.

In the *Walker* lawsuit, the named plaintiffs seek to represent a class consisting of former, present, and future inmates and seek relief as to three distinct fees that are allegedly wrongfully charged inmates. In its scope, the *Walker*

lawsuit is far more complex than the present matter that addresses only former inmates and a single fee, a "transportation" fee charged work-release inmates.

In their motion to dismiss, the defendants wrote: "The Defendants submit that the Plaintiffs have already picked their forum (state court) and that this action is due to be dismissed." *Motion to Dismiss* ¶ 3. The defendants cited no legal authority and presented no explanation as to why or how DeNorris Williams has "already picked [a] forum (state court)" or as to why or how the defendants are entitled to a dismissal of the present matter merely due to the earlier filing of the *Walker* complaint.

DeNorris Williams must presume that the defendants believe that the earlier commencement of the *Walker* complaint bars his right to prosecute the present matter in this Court. DeNorris Williams must further presume that the defendants seek to rely on § 6-5-440 of the *Code of Alabama* as a source of a substantive defense because the motion to dismiss is silent as to another basis for dismissing the present matter. If DeNorris Williams's just-stated presumptions are wrong and if, in later submissions, the present defendants cite legal authority other than § 6-5-440, DeNorris Williams asks leave of this Court to file a formal response regarding such later cited legal authority. Presently, DeNorris Williams can only respond to a § 6-5-440-based ground for dismissing the lawsuit filed in this Court and the

defendants' suggestion that DeNorris Williams is bound by the decision of other inmates to institute a "similar" action in another Alabama-based court..

<u>Argument</u>

Section 6-5-440 states: "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, ... the pendency of the former is a good defense to the latter if commenced at different times." *Ala. Code* § 6-5-440. Section 6-5-440 provides a substantive defense that a defendant may use when sued by the same party for the same cause in two separate actions. As previously stated herein, in light of the substance of the present defendants' motion to dismiss, DeNorris Williams must presume that the defendants contend that the earlier filed *Walker* lawsuit "is a good defense" to the present matter.

In the main opinion in *Ex parte State Mutual Ins. Co.*, there was a declaration that "§ 6-5-440 does not apply ... to any ... class-action." 715 So. 2d 207, 219 (Ala. 1997)((per Cook, J., with one Justice concurring, two Justices concurring specially, and the Chief Justice and three Justices concurring in the result). In a subsequent opinion, Justice See, one of the Justices concurring in the result in *State Mutual*, wrote:

> ... As I stated in my concurrence in the result in *Ex parte State Mutual Insurance Co.*, 715 So. 2d 207 (Ala.

4

>1997), "[t]he purpose of this statute is to protect a party currently defending one action from having to defend another action subsequently filed in a different court by the same plaintiff, or class of plaintiffs, 'for the same cause.'" 715 So. 2d at 222. Applying § 6-5-440 to the facts of *State Mutual*, I argued that once a non-opt-out class has been certified, a trial court, upon a timely motion, is required to abate any individual action for the same cause after the filing of the class action. See *id*.
>
>Relying on my analysis in *State Mutual*, Green Tree argues that the abatement of the Millses' claims is required because similar actions *seeking* class certification were *pending* when the Millses filed their individual claims. Green Tree's reliance on *State Mutual*, however, is misplaced because the retroactive effect of the certification of a class action is not at issue in this case. When Green Tree made its motion to dismiss, the previously filed actions had not been certified as [a] class action; according, the Millses were not at the time "prosecut[ing] two actions in the courts of this state at the same time for the same cause and against the same party." *Ala. Code* 1975, § 6-5-440. Thus, the trial court did not err in denying Green Tree's motion to abate the Millses' claims.

*Ex parte Green Tree Acceptance, Inc.*, 767 So. 2d 1097, 1102 (Ala. 2000)(J. See, concurring in the result; emphasis in original).

The Supreme Court of Alabama expressed concern whether § 6-5-440 has any application when dealing with class-action lawsuits. Yet, significantly for purposes of the present matter, even those Justices who disagree with a broad non-applicability position agree that § 6-5-440 can have no application until there has been some class certification in the first-filed lawsuit. For such Justices, prior to

5

any order certifying a class in the first-filed matter, the mere filing of a complaint with class-action allegations is no defense to a subsequently filed lawsuit, even one with class-action allegations, because it is the certification of a class that can only subject a defendant to having to defend itself in different courts as to similar claims brought by the same plaintiff or class of plaintiffs.

Therefore, in the present matter, because no class-certification has occurred in the *Walker* lawsuit, the defendants cannot evoke the defense stated in § 6-5-440. Presently, for purposes of § 6-5-440, there is no prosecution of two actions "at the same time for the same cause and against the same party." DeNorris Williams is not a named party-plaintiff in the *Walker* lawsuit; at best, he might become a member of some class that might be certified some time in the future. There has been no certification of a class in the *Walker* lawsuit; therefore, DeNorris Williams is not a party-plaintiff in the *Walker* lawsuit by virtue of falling within a proposed class definition. Instead, DeNorris Williams is the named party-plaintiff in a distinct lawsuit filed in a different forum and is seeking class-certification of a subgroup of the effective individuals that the named-plaintiffs in the *Walker* lawsuit hope to represent. Section 6-5-440 is no bar to the continued prosecution of this lawsuit in this Court. Thus, the defendants' motion to dismiss is due to be denied.

        /s/ C. Carter Clay_____
        C. Carter Clay
        ASB-2907-Y85C
        Attorney for Plaintiff

OF COUNSEL:

PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place Tower, Suite 1100
Birmingham, AL 35203
(205) 322-8880

## CERTIFICATE OF SERVICE

    I hereby certify that I have filed the foregoing with the Clerk of Court via CM/ECF system which will serve upon all counsel of record electronically a copy of same on this the 29th day of October, 2007.

    Kim T. Thomas, Esquire
    Albert S. Butler, Esquire
    Alabama Department of Corrections
    Legal Division
    301 South Ripley Street
    P.O. Box 301501
    Montgomery, AL 36130-1501

        /s/ C. Carter Clay_____
        OF COUNSEL